CONTINENTAL BAKING CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 5895.   Decided June 18, 1937.   (69 P. [2d] 268.)

*Critchlow & Critchlow* and *A. W. Watson,* all of Salt Lake City, for plaintiffs.

*Joseph Chez,* Atty. Gen., and *Grover A. Giles,* Deputy Atty. Gen., for defendants.

LARSON, Justice.

The Industrial Commission determined that an inguinal hernia, sustained by Herbert B. Parker on July 18, 1936, was an accidental injury sustained in the course of his employment and made an award in his favor for medical and hospital expenses. There is no dispute as to the facts.

The applicant, an employee of the Continental Baking Company, in his regular employment was carrying cartons of bread into the Checkerboard Grocery at Ogden, Utah. These cartons are knocked-down, having loose tops and bottoms. They are put up at the wagon, filled with bread, and carried into the store. A carton of bread weighs from 35 to 40 pounds. As applicant was picking up one of these cartons of bread, he grabbed and turned to get a better hold and felt a sharp pain in his left side. It gave him a sickening feeling all over, and especially at the stomach, so he was compelled to sit down for 20 or 30 minutes until the nausea passed away. He had bearing down pains often thereafter. He continued his work for the day, when he reported to his employer what had happened. That night he discovered the bulge of the hernia on the left side. This is substantially all the evidence, except what appears in the applicant's petition and the doctor's medical report to the commission forming part of the record and in the testimony of the employer's manager, who testified:

"As soon as he came in from the route which I think was about 4:15 he advised me of what had happened and said he was taking a box of bread in at the Checkerboard Grocery, and he said in picking up this box of bread he had an awfully sharp pain in his side and he set the box down and sat on the truck."

In the applicant's letter to the commission for a hearing, which is part of the record, he states:

"As I lifted one of the cartons of which the bottoms are loose, I gave a little lunge to catch the bread and get a better hold onto the carton. I felt a sharp pain in my lower left side causing me to be sick to my stomach for about thirty minutes."

In the surgical report of Dr. E. R. Dumke, the doctor furnished by the employer, made to the commission July 28, 1936, the doctor states that in his opinion the hernia was not due to pre-existing conditions, but was caused by the acts of labor described by applicant.

The insurance carrier maintains that, though the injury occurred suddenly, undesignedly, and unexpectedly at a definite time and place, yet, before it can be termed an accidental injury in the course of employment, there must be present evidence of strain or overexertion, in the absence of some unforeseen or unusual happening, and there is no evidence of strain or overexertion here. In support of this contention, plaintiff refers to the opinion in *Tintic Milling Co.* v. *Industrial Commission,* 60 Utah 14, 206 P. 278, 23 A. L. R. 325, and to the opinion of Mr. Chief Justice Folland in *Graybar Electric Co.* v. *Industrial Commission,* 73 Utah 568, 276 P. 161, 163, to the effect that strained effort or overexertion may cause an accidental injury and that "the underlying principle seems to be that the injury must happen suddenly, undesigned and unexpected, and at a definite time and place." Justice Folland did not say, in the Graybar Case, that there must be a "strained effort or over-exertion," but merely that such elements were present in that case. That such is the law of this state is settled by a line of decisions. *Columbia Steel Co.* v. *Industrial Commission,* 92 Utah 72, 66 Pac. (2d) 124.

The question arises, not in the statement of the rule, but in its application. Since the case of *Fenton* v. *Thorley,* 80 Law T. 314, by the House of Lords, the leading English case, it has been generally held throughout this country, under statutes similar to ours that the word "accident" in compensation cases was not limited to any arbi-

trary, legal, technical, or contractual meaning, but that the word was to be given its ordinary and popular meaning. It is not to be limited to things external to the person injured, as falling bodies, explosions, breaking of equipment, etc., which in turn injures the workman, but also includes and means the injury to the workman himself. The injury is an "accident" when it results, not from the wear and tear upon the body of the workman, incident to long, continued effort and activity in the employment, which undermines and deteriorates the physical body, but when it occurs suddenly, that it, unexpectedly, not reasonably foreseeable as a result of the work being done; an unlooked for mishap; and unusual effect resulting from the work being done; something happening from the work out of the ordinary, and to which occasion it can reasonably be ascribed. *Tintic Milling* v. *Industrial Comm.,* supra; *Graybar Electric Co.* v. *Industrial Comm.,* supra; *Bystrom Bros.* v. *Jacobson,* 162 Wis. 180, 155 N. W. 919, L. R. A. 1916D, 966; *Manning* v. *Pomerene,* 101 Neb. 127, 162 N. W. 492. And accidental injuries may be due to carelessness, not willful, to fatigue, and to miscalculation of the effects of voluntary action. *Robbins* v. *Original Gas Engine Co.,* 191 Mich. 122, 157 N. W. 437; 1 *Schneider's Workmen's Comp. Law* (2d Ed.) 572.

There is evidence in the record that Parker was ruptured on the day in question; that the injury occurred suddenly and at a definite time and place; that it was an unusual result of the work being done; that it did not result from a pre-existing condition; and that it occurred when Parker grabbed and lunged in a twist to obtain a better hold on the carton which, while not so heavy, was cumbersome and awkward to handle. The statement that the accident resulted from strain or overexertion must not be taken with too much emphasis upon the "over" part of the expression. To render an injury accidental within the Compensation Law does not require that the strain be such that other men would not attempt it, or would anticipate probable injury therefrom. It simply means that the effort exerted,

considering the position in which the workman was put by the work being done at the instant of the injury, was such that an injury, unanticipated and unforeseen, resulted to the workman. And, when there appears a direct connection between the personal injury as a result, and some happening in the employment as a proximate cause, an injury as the result of an accident in employment is shown, and the right to compensation is fixed. The thing which occurred here was somewhat unusual. It was unexpected and undesigned. There was an external occurrence. The necessity for a better hold to prevent the bread from falling, requiring the workman to lunge, twist, and grab when he was not in an advantageous position to do so, may well have strained the muscles in the left inguinal region. The commission found it did so. The undue strain was not foreseen or expected. A mishap and disability resulted from the effort to handle the bulging and loose carton of bread when the workman was so circumstanced as to cause undue strain, jerk, or tear on the left inguinal muscles.

We conclude that the finding of the commission was not arbitrary and we cannot weigh the evidence. Complaint is made that the commission made no finding of fact that applicant received an accidental injury arising out of the employment. The commission found as a fact that applicant "in lifting * * * sustained a left inguinal hernia." It is also stated, "the Commission concludes that Parker was injured by reason of an accident arising out of his employment." Though stated as a conclusion, this may also be treated as a finding of fact. Furthermore, though the commission made no findings, if the evidence sustains the award, we cannot disturb it.

The award of the Industrial Commission is affirmed. Costs to defendants.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.