TAVEY v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 6683. Decided July 5, 1944. (150 P. 2d, 379)

490

See 71 C. J. Workmen's Compensation, Sec. 396. Workmen's compensation; injury or death to which pre-existing physical condition of employee contributed, note, 60 A. L. R. 1299. See, also, 28 R. C. L. 816.

·HARRY D. PUGSLEY, of Salt Lake City, for plaintiff.

GROVER A. GILES, Atty. Gen., and JOHN D. RICE, Asst. Atty. Gen., for defendants.

HOYT, District Judge.

Certiorari to review order of Industrial Commission deny-

ing award of workmen's compensation. The plaintiff was an employee of the defendant Deseret Book Company. While performing her accustomed duties in its book store during usual business hours, she went from the second floor to the cashier's desk on the ground floor to deliver a remittance. As this was completed she turned and suddenly fell to the floor, striking her head upon a low book shelf, causing a concussion of the brain which disabled her from pursuing her employment for a number of days and made necessary a brief period of hospitalization. No permanent injury resulted. In addition to the above facts the commission found:

"Applicant had a fainting spell and fell to the floor. In the course of the fall she struck her head against the lower shelf of a book case which was standing near the cashier's desk * * *. No testimony was presented by applicant to show that the fainting spell was caused by an activity, condition or environment of her employment. In other words, she merely had a fainting spell which, so far the evidence shows, was not brought on by her employment, or the conditions surrounding her employment * * *. The evidence compels a finding that the injury did not arise out of employment. Was the injury incurred in the course of employment? We think not. The mere happening of an event on the premises of the employer, and during the hours of employment does not in and of itself justify a finding that the injury arose during the course of employment. An injury is compensable only if it is the result of activity, condition or environment of employment. We find nothing in the evidence to show a hazard incidental to the employment to which the general public is not equally exposed * * *. We therefore conclude that the injury was not the result of an accident arising out of or in the course of employment."

We think the commission erred in its conclusion of law and that, under the facts found, the order denying compensation must be set aside. Our statute does not require that an injury, to be compensable, must both arise out of and occur in the course of employment. In its present form it is more liberal toward the workman than the compensation statutes of most of the states or the original compensation statute of England from which these were derived. It provides (Sec. 42-1-43, U. C. A. 1943) that: "Every employee mentioned in section 42-1-41 who

is injured, and the dependents of every such employee who is killed, by accident arising out of or in the course of his employment * * * shall be entitled to receive * * *compensation," etc. Under this statute an injury may be compensable if caused by accident occurring in the course of employment, regardless of whether it grows out of any special hazard connected with the employment. When the Legislature in 1919 amended the original act, which contained the conjunctive "and," and substituted the disjunctive "or," it unquestionably intended to give the statute the effect stated.

The cases cited by counsel for defendants, in which compensation was denied where the injury resulted from a fall caused by fainting or a fit of epilepsy, are from jurisdictions where the statute required that an injury, to be compensable, must be the result of accident occurring in the course of employment and also arising out of the employment. The case of *Van Gorder* v. *Packard Motorcar Company*, 195 Mich. 588, 162 N. W. 107, 110, L. R. A. 1917 E, 522, cited by defendants, is such a case. There, an employee, at work on a scaffold six feet above the floor, was seized with an epileptic fit which caused him to fall from the scaffold, resulting in a skull fracture from which death ensued. The Michigan court in reversing an award of compensation held:

"Our own cases clearly recognize the rule that in order to render the employer responsible there must be a concurrence of the two elements, viz.: (1) That the accident occurred in the course of the employment; and (2) that it arose out of it. If it did not arise out of the employment, but arose out of something else, the employer is not liable. * * * This unfortunate man fell to his death when in an epileptic fit, which did not arise out of his employment and for which his employer was not responsible. We are therefore constrained to reverse the case."

It should be noted that the court expressly found from the facts stated:

"There is no question but that decedent received his injury in the course of the employment."

The writer of the opinion in the Michigan case discusses a number of English cases involving similar situations and points out that the governing statute contained the same provisions as the Michigan statute and that in these English cases it was held that injuries sustained under such circumstances are not compensable. In each of the cases referred to it is shown, however, that the award was denied on the ground that the injury did not arise out of the employment. It is significant that, in each of the cases discussed, the court found that the injury was received in the course of the employment. Since our statute requires that compensation be paid to a workman who is injured by accident in the course of his employment, without requiring that the injury or accident arise out of the employment, these cases argue for, and not against, the granting of compensation in this case.

Counsel for respondents contend, however, that here there was no accident. They assert that the cause of the injury was a fainting spell, and there being no evidence that the dizziness or fainting was caused by any condition connected with the employment there was "no injury caused by accident" and therefore no compensation can be awarded.

In the ordinary understanding of the term "accident", it is certainly deemed an accident for a woman to unexpectedly fall and strike her head against the floor or some hard object. "Accident" is usually taken to mean an unforeseen happening or unexpected mishap. It has been defined by the courts as "an event not within one's foresight and expectation resulting in a mishap causing injury." "An event happening without any human agency, or, if happening wholly or partly through human agency, an event which under the circumstances is unusual and unexepected by the person to whom it happened." 1 C. J. S., Accident, p. 427. "An event happening without the concurrence of the will of the person by whose agency it was caused." 1 Bouv. Law Dict., Rawles Third Revision, p. 101.

Counsel for the defendants cites and relies upon the Arizona case of *Pierce* v. *Phelps Dodge Corporation*, 42 Ariz. 436, 26 P. 2d 1017, in which compensation was denied to a miner, who, after eating lunch, arose from a sitting position, walked a few hundred feet, suddenly collapsed and died a few moments thereafter. There was evidence that he had been suffering from myocarditis and no evidence that he sustained any accident or that anything untoward happened during his walk which contributed to his death, except insofar as the mere walking itself may have done. The Arizona statute differs from the Utah statute in that it requires that an injury, to be compensable, must arise out of and in the course of the employment. The facts in the case, also, are clearly different from the facts in the case before us. We therefore are not persuaded that it argues anything for defendants here.

To hold in this case that plaintiff is entitled to compensation for injuries resulting from falling and striking her head against a book shelf does not amount to a holding that, if plaintiff had suffered death or disability during the course of her employment solely by reason of ill- not caused or accelerated by her employment, she or her dependents would have been entitled to compensation. Such is not the case before us. Here, there was a fall and a striking of the head against a hard object. We hold that there was an "injury caused by accident", and that the plaintiff is entitled to compensation, regardless of the fact that the cause of the fall may have been physical weakness or illness unrelated to the duties or conditions of the employment. Compensation in Utah cannot be denied merely because the remote cause of the injury was an idiopathic condition not due to the employment. We are not here concerned with "proximate cause" in the same sense as in a tort liability case. Liability does not depend upon tracing the cause of claimant's hurt to some force set in motion or condition brought about by the tortious act or omission of the defendants. If the immediate cause of the injury was an accident, as here, it is immaterial under

our statute that the cause of the fall was a fainting spell or that the accident would not have happened but for the illness of the claimant. "An accident is not the less an accident because the remote cause was the idiopathic condition of the employee." 71 C. J. 576, note 66.

The Pennsylvania case of *McCarthy* v. *General Electric Company*, 293 Pa. 448, 143 A. 116, 117, 60 A. L. R. 1288, cited by plaintiff, appears to be in point and decided under a statute similar in effect to ours. In that case a workman sustained a broken nose in a fall upon the floor of the plant. No one saw him fall, but it was heard, and he was immediately found unconscious with his face in a pool of blood. On receiving first aid, he recovered consciousness and was taken to a surgeon's office, and then sent to a hospital. The next morning he left his bed without permission, fell again, became unconscious and died five days after the accident. It was in the evidence that the deceased was suffering from a syphilitic tumor of the brain, and was also in evidence that he did not know how he happened to fall. The court held that the accident was one arising in the course of the employment, and that the fall itself constituted the accident, saying:

"As he fell while upon the employer's premises and engaged at his work, the injury was sustained during the course of his employment within the provisions of the statute. See section 301 Act of June 2, 1915, P. L. 736, 738 (Pa. St. 1920, §§ 21983, 21984 [77 P. S. §§ 411, 431]). In England and some American jurisdictions, the injury must grow out of the employment, but our statute contains no such requirements. It is sufficient if the accidental injury happens in the course of the employment. *Laraio* v. *Pennsylvania R. Co.*, 277 Pa. 382, 121 A. 325; *Callihan* v. *Montgomery*, 272 Pa. 56, 115 A. 889; *Clark* v. *Lehigh Valley Coal Co.*, 264 Pa. 529, 107 A. 858; *Lane* v. *Horn & H. Baking Co.*, 261 Pa. 329, 104 A. 615, 13 A. L. R. 963, [17 N. C. C. A. 998]; *Granville* v. *Scranton Coal Co.*, 76 Pa. Super. Ct. 335. Furthermore, it is not necesary that the fall result from an accident, as the fall is the accident; nor is it material that the employee fell because he became dizzy or unconscious. An injury sustained by an accidental fall is compensable, although the fall resulted from some disease with which the employee was afflicted. In the instant case McCarthy was not without the protection of the act, if hurt by a fall,

although it resulted from a lapse of the brain, whether it was gumma or merely vertigo. An accidental injury, during the course of employment, from an unexplained cause, is compensable and the burden is not on a claimant to show the exact cause. *Zelazny* v. *Seneca Coal Min. Co.*, 275 Pa. 397, 119 A. 487; *Laraio* v. *Pennsylvania R. Co.*, supra; Skinner's Pennsylvania Workmen's Compensation Law, 54. If resulting from temporary mental lapse it is as compensable as though resulting from the friendly push of a fellow servant, or other untoward event."

See also *Rockford Hotel Co.* v. *Industrial Comm.*, 300 Ill. 87, 132 N. E. 759, 19 A. L. R. 80; *Gonier* v. *Chase Companies*, 97 Conn. 46, 115 A. 677, 19 A. L. R. 83; *Industrial Comm. of Ohio* v. *Nelson*, 127 Ohio, St. 41, 186 N. E. 735.

The order of the commission is set aside and the case remanded for further proceedings consistent with this opinion. Costs to plaintiff.

LARSON, McDONOUGH, and WADE, JJ., concur.

WOLFE, Chief Justice.

I concur. If the fainting and fall had not resulted in striking the bookshelf there would have been no accident within the meaning of the Industrial Commission Act. An inner failing unrelated to the industry, while accidental in the sense that it may be to the victim unexpected and unforeseen, is not an industrial accident. But there was a second event—a striking of the head due from the fall which itself is an accident unless we are to consider the fainting, plus the consequent fall, plus the blow, as an indivisible unit accident. There may have been no relation between the industry and the fainting and the fall, but when the claimant struck her head upon the bookshelf on the way down the industry entered into the picture and an accident occurred during the course of the employment and not just in the duration of the shift. The industry did not set in motion the chain of events but it was an actor in the drama. Since the accident resulted from the fall which resulted in an injury the requirements of the statute are satisfied.

In *Reynolds* v. *Industrial Commission*, 88 Utah 186, 27 P. 2d 28, there was an inner failing—applicant claimed indigestion which caused a fall and a striking of the deceased's head on a board shelf during the fall. The question determined was as to whether the blow caused the death or was an efficient concurring or contributing cause thereof. The commission decided that it was not. This court upheld the commission. If the blow could not have been considered an accident in the course of the employment because it was part of a chain initiated by an inner failing which had no relation to the work, it is difficult to see why it was necessary to consider the above question.

Certainly in cases where falls were caused by epilepsy or fainting or some inner failing and the victim on account of it was precipitated into some hazard peculiar to the dusty and by reason of that happening, suffered injury, he would be entitled to compensation. The accident in such case would arise out of the industry. See Dows Case, 231 Mass. 348, 121 N. E. 19, and cases cited in prevailing opinion. Also cases cited in the main opinion. In the instant case the incident of striking the bookshelf which actually caused the injury was such as would have been as likely to occur at home or anywhere outside of the industry, yet because it occurred while she was in pursuance of her master's business and not during a departure from the employment as might have been found by the Commission in the case of *Salt Lake City* v. *Industrial Commission*, 103 Utah 581, 137 P. 2d 364, it was an accident in the course of the employment. In *Connelly* v. *Samaritan Hospital*, 259 N. Y. 137, 181 N. E. 76, the woman struck a table during her fall. At page 140 of 259 N. Y. Reports and at page 78 of 181 N. E. Reports, the court states:

" 'It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the injury limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment.' * * * If, except for the employment, the fall, though due to a cause not related to the

employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment. The employment has subjected the workman to a special danger which in fact resulted in injury." In reaching its conclusion that court applied the rule that, "Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment."

In the case of *Taggart* v. *Industrial Commission of Utah,* 79 Utah 598, 12 P. 2d 1356, the death was traced to a sneeze or a blowing of the nose which occurred in the duration of the employment. It was stated that if the death was service connected it was by way of an occupational disease and not an accident. But it is thought that if there had been no gradual weakening of the wall of the blood vessel by the deposit and sealing of dust on the septum of the nose, but a bursting of the blood vessel by a sneeze or blowing of the nose without the antecedent occupational disease, the commission could not have held the blowing of the nose nor the sneeze nor its consequences to be an accident, for an untoward event merely happening in the duration of the employment unless it has some relation to the industry is not compensable.

MOFFAT, J., deceased.