374 P.2d 439

Madge M. BURTON, Widow of LeRoy Burton, Deceased, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah, The State Insurance Fund, and Midwest Distributing Company, Defendants.

No. 9632.

Supreme Court of Utah.

Sept. 17, 1962.

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., F. A. Trottier, State Insurance Fund, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiff Madge M. Burton seeks review of an order of the Industrial Commission

denying her application for death benefits for the · death of her husband, LeRoy Burton.

Mr. Burton worked for Midwest Distributing Company delivering beer. On the morning of October 30, 1959, after he had made his second delivery in downtown Salt Lake City and returned to his truck, he felt a severe pain in his chest. He went into the nearby Judge Building, where a doctor gave him some emergency treatment and called the family doctor, Thomas A. Clawson. Pursuant to his directions Mr. Burton was taken in an ambulance to the hospital, where he died that afternoon. The cause of death was diagnosed as coronary thrombosis with myocardial infarction.

The Commission denied the application on the ground that the death did not result from an accident arising out of or in the course of deceased's employment.[1]

In order to reverse the finding and order made the plaintiff must show that there is such credible uncontradicted evidence in her favor that the Commission's refusal to so find was capricious and arbitrary.[2] In support of her position she urges the admitted principle that the Commission should indulge doubts in favor of coverage of the employee to effectuate the purposes of the act. She relies on the circumstances of the death described above, coupled with the testimony of the family physician, Dr. Clawson. In response to the question as to whether the deceased's exertion in lifting and delivering the cases of beer was a contributing cause to the occurrence to Mr. Burton's heart attack and his death, the doctor answered that, "It could be a factor."

As opposed to the evidence upon which plaintiff relied the Commission had before it the opinions of three members of the medical panel, together with the testimony of one of them, Dr. L. E. Viko, a well-known heart specialist. The substance of their opinions was that Mr. Burton's coronary thrombosis with myocardial infarction was not caused by the exertion of his work on that morning. In its decision the Commission recited, "We chose to believe the testimony of Dr. L. E. Viko and the panel report."

Assuming without deciding that the plaintiff's evidence if uncontradicted would be sufficient to sustain a finding in her favor, it is indisputable that the testimony just referred to is sufficient to sustain a finding to the contrary. There being no basis upon which this court could say that the Commission acted capriciously, arbitrarily or unreasonably in denying the application, its order is affirmed.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.

1. See Utah Code Ann. Sec. 35-1-45 (1953).

2. Sizemore v. Industrial Commission, 4 Utah 2d 126, 288 P.2d 788.