382 P.2d 414

Joseph PINTAR, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah and Columbia Geneva Steel Division, United States Steel Corporation, Defendants.

No. 9864.

Supreme Court of Utah.

June 17, 1963.

Joseph C. Fratto, Cleon B. Feight, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Parsons, Behle, Evans & Latimer, E. V. Boorman, Jr., Salt Lake City, for respondents.

CROCKETT, Justice.

Joseph Pintar seeks review of an order of the Industrial Commission denying him medical expenses and temporary disability compensation for injury to his back allegedly resulting from working in the coal mine of defendant Columbia-Geneva Steel Division, United States Steel, at Dragerton, Utah.

Plaintiff identifies two separate injuries to his back. On March 29, 1961, while doing some timbering in the mine he felt a sharp pain in his back. For this he was hospitalized for four days. On July 25, 1961, he again hurt his back when he was pushed against the wall of the mine by a drilling machine. For this he received

medical attention: x-rays were taken, which indicated no fracture; he was given physical therapy treatment and returned to work the next day. He continued to work until October 2, 1961, when he was assigned to work on a "roof driver." This caused him to have such pain and distress in his chest, shoulder and back that he had to discontinue work, and as a result filed this claim for compensation.

■ Plaintiff's attack upon the refusal to grant an award is grounded upon the testimony of Dr. Burk M. Snow, an orthopedic surgeon, who diagnosed his trouble as a typical degenerative arthritic lumbar spine often seen in coal miners and other people doing heavy work; and stated that in his opinion it was aggravated by the injuries of March 29 and July 25, 1961, referred to above. Plaintiff argues that this brings his case within the doctrine, that even if a person is afflicted with a pre-existing disease or defective condition, if it is aggravated or lighted up by an industrial accident, the resulting disability is compensable under the act. See Utah-Idaho Cent. R. v. Industrial Comm., 71 Utah 490, 267 P. 785. That the doctrine advocated is sound we have no doubt. Nor would we question the correctness of the plaintiff's contention if the evidence he relies on were the only evidence in the case, or if the Industrial Commission had chosen to accept it.

The difficulty with plaintiff's position is that there is other evidence which supports the view adopted by the Commission, whose prerogative it is to determine the facts. Burton v. Industrial Comm., 13 Utah 2d 353, 374 P.2d 439. He was examined by Dr. B. J. Larsen, the company doctor, who made the same diagnosis as to degenerative arthritic condition of the spine as did Dr. Snow, but gave as his opinion that this condition did not result from and was not connected with the two incidents referred to above. This was corroborated by the medical panel which was appointed by the Industrial Commission to investigate the medical aspects of plaintiff's claim.

■ We agree unreservedly that the evidence strongly suggests that the disability to Mr. Pintar's back resulted from working in defendant's coal mine. But it is not shown that his arthritic condition is an occupational disease for which compensation is provided under the Workmen's Compensation Act. See Section 35–2–27, U.C.A.1953; and Edlund v. Industrial Comm., 122 Utah 238, 248 P.2d 365. It is, therefore, a prerequisite to compensation that his disability be shown to result, not as a gradual development because of the nature or conditions of his work, but from an identifiable accident or accidents in the course of the employment. There being substantial evidence to support the Commission's finding to the contrary, no basis

exists upon which this court could rule that its denial of compensation was capricious and arbitrary. Accordingly, its order is affirmed.

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.