384 P.2d 1015

**Pearl A. LONG, wife of William T. Long, deceased, Plaintiff,**

**v.**

**WESTERN STATES REFINING COMPANY, and The State Insurance Fund and The Industrial Commission of Utah, Defendants.**

**No. 9867.**

Supreme Court of Utah.

Sept. 16, 1963.

Leon Halgren, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., F. A. Trottier, Special Asst. Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Justice.

Pearl A. Long, surviving wife of William T. Long, seeks to review and reverse an order of the Industrial Commission denying her benefits for his death.

Mr. Long was employed as a driver of a large gasoline truck for the Western States Refining Company. On November 26, 1960, at about 5 a. m. he left his home in Moab, Utah for Farmington, New Mexico. By the time he arrived at Cahone, Colorado, he had become very ill and was taken to a hospital in Cortez, Colorado. He was found to be suffering from a heart ailment; languished until December 10, 1960, and died.

The plaintiff's application for compensation is based upon the claim that in the course of this trip the deceased was required to change a tire, and that while placing the large truck tire back in the rack underneath the truck, it slipped, fell and hit him in the chest and stomach, causing him severe pain in that area; that the pain was followed by his becoming sick, which continued during the two weeks he remained in the hospital and caused his death. The evidence supporting this contention consists of a recital of the tire-changing incident in the report made by the deceased's employer; a like notation in the record of the attending physician, Dr. James D. Hites, and a similar one included in the doctor's report to the Industrial Commission; and the testimony of the plaintiff that during her husband's illness in the hospital he had told her about changing a tire, and that it had fallen on and injured him.

In contravention of the plaintiff's position, and supporting the finding of the Commis-

sion, the defendant points to the following facts:

That the Western Refinery Company's drivers were required to keep a log on operating their trucks, which normally would include the changing of a tire, but no such incident was recorded, although the log record for that day appears to have been completed;

That it was the plaintiff, not the deceased, who furnished the information concerning the tire incident to the employer upon which its report was filled out;

That Dr. Hites indicated that he could not recall any statement by the deceased about the tire incident; that the notation on his report concerning it had been made by his nurse from a telephone conversation; and

That although efforts were made to find out whether the deceased had mentioned such an incident to anyone other than his wife, no one was found who had heard him say anything about it.

In the light of the foregoing, defendant makes these pointed observations: that the information concerning this alleged tire incident is suspect because the only evidence that it occurred comes from the plaintiff herself; and that the Commission was therefore not bound to accept it;[1] whereas, all of the other evidence seems to negative that it occurred.

We do not question the principle advocated that the Commission should resolve doubts in favor of coverage of the employee to effectuate the purposes of the act by providing compensation for injuries suffered in employment;[2] nor that had the Commission been disposed to so find, there is a basis in the evidence upon which it could have determined that Mr. Long suffered an accidental injury in the course of his employment which resulted in his death. Nevertheless, our statute, Sec. 35–1–85, U.C.A.1953, grants the Commission the prerogative of finding the facts. When it has denied the application for compensation and a reversal is sought, the applicant, as the moving party, has the burden of showing that the evidence is such that a finding in her favor is the only reasonable finding that could be made, so that the Commission's refusal to so find was capricious and arbitrary.[3] Reflection upon the evidence recited above will show clearly that this is not the situation here, and that there is ample justification therein for the Commission's refusal to believe that there was an industrial accident.

Plaintiff makes a separate attack upon the Commission's order, charging that it erred

1. See Chugg v. Chugg, 9 Utah 2d 256, 342 P.2d 875.
2. See Jones v. California Packing Co., 121 Utah 612, 244 P.2d 640; and Johnson v. Board of Review of Industrial Commission, 7 Utah 2d 113, 320 P.2d 315.
3. Burton v. Industrial Commission, 13 Utah 2d 353, 374 P.2d 439.

in excluding medical evidence from the hearing. This is based solely upon two notations: "No medical" on documents in the file. It does not appear that the applicant offered any medical evidence beyond that which was received. Nor is there any indication that it was thought necessary or desirable to do so. Consequently there is a failure to make the affirmative showing required for reversal that upon the basis of the record certified to this Court the order was in error. Accordingly, it must be, and is hereby, affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.