392 P.2d 1016

Eldon P. ROWLEY, Plaintiff,

v.

The INDUSTRIAL COMMISSION of the State of Utah, the State Insurance Fund, and Edgemont Development Company, a corporation, Defendants.

No. 10053.

Supreme Court of Utah.

June 15, 1964.

Aldrich, Bullock & Nelson, Provo, for plaintiff.

A. Pratt Kesler, Atty. Gen., F. A. Trottier, Salt Lake City, for defendants.

McDONOUGH, Justice.

This is a writ to review an order of the Industrial Commission denying plaintiff's claim on the ground that his injury did not arise out of or in the course of his employment.

Plaintiff is the principal stockholder and manager of the Edgemont Development Company. On Saturday, December 9, 1961, plaintiff and his son went to visit one of his son's friends. The friend was not at home, and since they were in the neighborhood where a house which plaintiff had sold to James A. Jensen was located, plaintiff and his son stopped at the house to see if all the utilities in the house were working properly. Mr. Jensen, who was in the process of moving into the house that day, had his car stuck in the snow, and plaintiff instructed his son to get a tractor, which was owned by plaintiff's employer, to pull the car out. Upon seeing that the boy was having difficulty starting the tractor, the plaintiff walked in the direction of the tractor to determine what the difficulty was. When he reached the curbing in front of Mr. Jensen's house he slipped and fell, sustaining the injury. The fact that an injury occurred and the manner in which it happened are not in dispute. Plaintiff's only contention is that the Industrial Commission erred in concluding that the accident which caused his injury did not arise out of his employment.

Inasmuch as plaintiff was a real estate salesman with a duty to see that the customers were satisfied with their purchase, it seems clear that he was acting within the course of his employment in

checking the house to see if all the utilities were working. The question is whether the plaintiff was still within the course of his employment when he left the house and proceeded to help Mr. Jensen free his car. Plaintiff urges that although he had finished his work in regard to checking the utilities, he was still in the course of his employment when he proceeded to help free the car because he had a duty to maintain good public relations for the company. We feel this argument without merit since to say such would provide a basis for any person injured while voluntarily helping. someone, to claim compensation on the grounds he was maintaining good public relations.

For this court to reverse an order of the Industrial Commission denying an application for compensation, it must be shown that the evidence is such that a finding in the applicant's favor is the only reasonable finding which could be made, so that the Commission's refusal to so find would be capricious and arbitrary.[1] The record does not demand such a conclusion, and we cannot say that the Commission acted in such a manner. Consequently, the order is affirmed.

HENRIOD, C. J., and CROCKETT and WADE, JJ., concur.

CALLISTER, J., dissents.

---

1. Long v. Western States Refining Company, 14 Utah 2d 398, 384 P.2d 1015.