Pauline Celeste NUZUM, Ex-wife of Alfred J. Nuzum, Deceased, on behalf of his minor children, Helen, Celeste and Lorna Nuzum, Plaintiffs,

v.

ROOSENDAHL CONSTRUCTION & MINING CORPORATION and the Industrial Commission, Defendants.

No. 14774.

Supreme Court of Utah.

June 23, 1977.

Jay A. Meservy, of Verhaaren & Meservy, Salt Lake City, for plaintiffs.

James R. Black, of Rawlings, Roberts & Black, Salt Lake City, for defendants.

CROCKETT, Justice:

Review of the Industrial Commission's denial of compensation to the plaintiffs, the surviving children of Alfred Jay Nuzum, who expired on the job while working as a truck driver for defendant Roosendahl Construction and Mining Corporation. The issue is whether his death resulted from an accident arising out of or in the course of his employment.[1]

On the day of his death, March 13, 1974, Mr. Nuzum was working at his regular job driving a ten-wheel dump truck on a Roosendahl construction project in Kearns. The driver's seat of the truck is 6 feet off the ground. The driver gets into it by three substantial steps: the first about 20 inches off the ground, the second a similar distance to the top of the fuel tank; and the rest by placing a foot into the cab and pulling himself into the seat. When the truck is operating properly, the driver sits in it while it is filled by a loader; and when it dumps its load, he remains in his seat and operates an air-valve mechanism which raises the bed of the truck. However, due to a malfunction in this mechanism on Mr. Nuzum's truck at that time, in order to unload the truck he had to go through the exertion of climbing down, going around to the other side of the truck and manually operate the control lever, then return and pull himself back up into the seat. On this day he had done this at least 6 times. On a succeeding occasion, when he got out of the truck, he seemed distressed to the point that he partially fell and was able to stand up only with difficulty and proceeded around to the other side of the truck. When a fellow worker went to talk to him, Mr. Nuzum was lying on the ground. It was apparent that he was in extremis (later determined to be a heart attack) from which he suffered for a few minutes and expired.

In support of the Commission's refusal to make an award, defendants rely on the broad latitude of discretion with which the Industrial Commission is endowed as the finder of the facts by our statute,[2] and

---

1. Sec. 35–1–45, U.C.A.1953; See definition of accident in *Carling v. Ind. Comm.,* 16 Utah 2d 260, 399 P.2d 202.

2. Sec. 35–1–85, U.C.A.1953.

our decisions thereon,[3] which we recognize. Nevertheless, the conferring of the right of review on this court[4] was not intended to be but an exercise in futility in having it automatically rubber stamp all actions of the Commission. Analogous to the right of appeal in our court system, it was intended as a safeguard against possible arbitrary, unreasonable or unjust actions of the Commission. Though we do not determine the facts, where the evidence is such that all reasonable minds should find one way, there is no real "issue" of fact, that is, there is not actual dispute as to such facts; and the ruling should be made as a matter of law.[5]

From the medical testimony these facts appear to be without question: that Mr. Nuzum had a prior existing heart deficiency in that there was substantial occlusion of the vessels which feed the heart muscle itself; that this would have the effect of preventing the heart from getting adequate nourishment and oxygen; that this causes abnormal rhythms of the heart (fibrillations); that the result of all of this is to diminish the heart's ability to get blood to the rest of the body. The position adopted in the Commission's decision is that it was this pre-existing heart condition, rather than the exertion on the job as above described, that caused Mr. Nuzum's death. However, to be considered in that connection is the well established rule that even though a workman has a pre-existing deficiency or disease, if there is an industrial accident which lights up or aggravates it into disability, or death, it is compensable.[6]

As a caveat against any misunderstanding of the conclusion we reach herein, we make the following observations: we do not say that any time a person dies (or suffers injury or disability) while on the job and performing his duties in the usual way that that is necessarily a compensable accident. The truism of the folk saying that "The only things certain are death and taxes" is recognized; and that thus in one sense, nothing is more certain nor more surely to be expected than death. But, the time of death for each individual is not so certain. Each man's death must necessarily be for him an unusual and extraordinary event; and when it occurs as a direct result of exertion in performing his duties that fact is also an important component of the total picture to be analyzed in determining whether there was such an unexpected occurrence that it should be regarded as an accident within the meaning of the statute.[7]

We revert to a consideration of the evidence in the light of the foregoing: Even though it is true that Mr. Nuzum had the pre-existing heart weakness described above, the immutable facts are: that he was working on his job; that because of a mechanical defect in this large truck he was put to the necessity of repeatedly hoisting himself up these abnormally long steps into the cab and was thus put to a greater exertion than normally would have been required if the truck had been operating properly; and that this placed such stress on his already weakened heart that it could not cope with the burden, wherefore it failed and resulted in his death. This conclusion finds support in the only medical testimony, given by Dr. K. K. Okawa, which was to the effect that the getting in and out of the truck several times would have involved extra exertion upon the heart which would enhance the abnormal rhythms and be a contributing cause to his death.

**3.** See e. g. *Norris v. Industrial Commission*, 90 Utah 256, 61 P.2d 413; *Moray v. Ind. Comm.*, 58 Utah 404, 199 P. 1023.

**4.** Sec. 35–1–83, U.C.A.1953.

**5.** See *Russell v. Ind. Comm.*, 86 Utah 306, 43 P.2d 1069, where an order denying compensation was vacated where there was material, substantial, competent and uncontradicted evidence to justify award as a matter of law; see also *Dole v. Ind. Comm.*, 115 Utah 311, 204 P.2d 462.

**6.** *Powers v. Ind. Comm.*, 19 Utah 2d 140, 427 P.2d 740.

**7.** See *Carling v. Industrial Comm.*, footnote 1, above; and *Tavey v. Industrial Comm.*, 106 Utah 489, 150 P.2d 379.

It is our opinion that the only conclusion to be drawn from the evidence which is conformable to principles of reason and justice is that Mr. Nuzum's death resulted from an "accidental" occurrence arising out of and in the course of his employment;[8] and that the plaintiffs should have the award provided for by statute.[9]

Remanded for the purpose of making the appropriate award. No costs awarded.

MAUGHAN and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting).

Alfred J. Nuzum had suffered from a heart condition for a long period of time. The doctor who testified on behalf of the plaintiffs stated that the major vessel to Mr. Nuzum's heart was 90% occluded and that death could occur even while he was in bed and asleep. He further testified that any sort of exercise, including walking, could cause death and that Mr. Nuzum should not have been working on the job. He testified that smoking and drinking would be a cause. Other testimony showed that Mr. Nuzum smoked heavily and drank to excess.

The truck which Mr. Nuzum operated had been in a condition requiring manual dumping, and Mr. Nuzum operated the truck in that manner during a period exceeding thirty days. Getting in and out of that truck to dump the load was no accident. It was the only way to operate the machinery, and it was the usual way to do so. The only unusual thing that occurred was the death of Mr. Nuzum, and that was not unexpected since it could have happened while he was in bed asleep.

There was no accident in any sense of the word. There was nothing unusual about the work; it was the very work for which he was hired. He simply took on a job which required him to dismount from the driver's seat six or seven times a day.

Whether the death resulted from an accident or was simply the result of a diseased heart is a fact to be found by the defendant commission in this case. On ample evidence furnished by the plaintiff, the defendant found that death did not result from an accident. Section 35–1–85, U.C.A.1953, as amended, provides that "The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; . . .".

The only exception is that when the evidence is not sufficient to justify the finding made, this Court on review may say as a matter of law that the finding cannot stand. In this case, the evidence seems conclusive that there was no *accident*.

The ruling made by the defendant commission should be affirmed.

HENRIOD, Justice (dissenting).

I dissent out of deference to the oft-repeated principle that if there is substantial, competent, admissible evidence to support the order of a statutory arbiter of the facts, it should survive appellate review, which in my opinion, appears to be the case here.

WILKINS, J., does not participate herein.

---

8. See a comparable case where there was extra exertion, causing unusual strain on the heart, when the deceased was attempting to turn over a dead horse in skinning it, see *Robertson v. Industrial Comm.*, 109 Utah 25, 163 P.2d 331; see also *Powers v. Industrial Comm.*, footnote 6 above; and *Jones v. Calif. Pack. Corp. et al.*, 121 Utah 612, 244 P.2d 640.

