**Linda B. JOHNSON, Plaintiff and Appellant,**

v.

**MOORE BUSINESS FORMS, INA/Aetna and the Industrial Commission of Utah, Defendants and Respondents.**

No. 19630.

Supreme Court of Utah.

Dec. 3, 1984.

Arthur F. Sandack, Salt Lake City, for plaintiff and appellant.

Gilbert Martinez, Shaun Howell, Robert Shaughnessy, Frank V. Nelson, Asst. Attys. Gen., Salt Lake City, for defendants and respondents.

ZIMMERMAN, Justice.

The issue in this review from the Industrial Commission is whether an administrative law judge can dispose of a claim of permanent partial disability under the Utah Occupational Disease Disability Law without calling a medical panel.

Mrs. Johnson, an employee of Moore Business Forms in Logan, Utah, brought this partial disability claim under the Utah Occupational Disease Disability Law (the "Act"). Utah Code Ann., 1953, § 35–2–1 to –2–65 (1974 ed. & Supp.1983). She alleged that her assembly line job caused her to suffer tenosynovitis of the left wrist, resulting in permanent partial disability. Her job consisted of wrapping and packing paper forms and involved repetitive twisting motions with both her hands. The administrative law judge heard evidence of the work she did and the motions and stresses to which her hands and wrists were subjected. The judge rejected her claim, finding that Mrs. Johnson had not shown that her tenosynovitis was "due to continual pressure or friction or to repeated trauma or vibration of tools," as required by section 35–2–27(25) of the Act. The Commission affirmed. Because that finding was made without first convening a medical panel as required by section 35–2–56(2) of the Act, we reverse.

Sections 35–2–27(25) and 35–2–56(1) of the Act provide that one suffering from tenosynovitis of the wrist "due to continual pressure or friction or repeated trauma or vibration of tools" resulting in permanent partial disability is entitled to compensation if that condition is "caused or contributed to" by an occupational disease or injury to health. Mrs. Johnson made exactly this claim. The Act requires that when such a claim is filed with the Commission, "the commission *shall* appoint an impartial medical panel ..., and such medical panel shall make such study, take such X-rays and perform such tests as the panel may determine...." Utah Code Ann., 1953, § 35–2–56(2) (Supp.1983) (emphasis added). Following such study, the panel must report to the Commission both (i) the extent of any permanent partial disability and (ii) whether the disability, in whole or in part, resulted from an occupational disease. *Id.*

Despite the clear requirement of the statute that upon the mere filing of such a claim a medical panel "shall" be convened, the administrative law judge took it upon himself to hold a hearing, consider the evidence, including the supportive medical opinion of Mrs. Johnson's doctor, and make findings of fact and conclusions of law that Mrs. Johnson's tenosynovitis did not result from any of the causes enumerated in section 35–2–27(25), including "friction" or "repeated trauma." He then dismissed her claim.

The administrative law judge seemed to be operating under the unspoken premise that not every claim filed that alleges the statutory elements requires convening a medical panel; only those cases that pass some threshold test of meritoriousness established by the administrative law judge may go forward. That interpretation of the statute is contrary to the plain language of section 35–2–56(2) and, furthermore, is flatly contrary to this Court's holdings in *Schmidt v. Industrial Commission,* Utah, 617 P.2d 693, 695–96 (1980), and *Lipman v. Industrial Commission,* Utah, 592 P.2d 616, 618 (1979). In those cases, we ruled that similar language in the Workers' Compensation Act required the convening of a medical panel in all cases. Utah Code Ann., 1953, § 35–1–77 (1974 ed.).

The instant case presents an even more compelling reason than existed in *Schmidt* for applying the statute literally. Section 35–2–56(2) of the Utah Occupational Disease Disability Law includes language describing the legislature's purpose in requiring that all questions of causation and disability raised by a claim be referred to a medical panel, language that was absent from the parallel section of the Workers' Compensation Act construed in *Schmidt.* In section 35–2–56(2) the legislature specifically found that these questions present "highly technical" issues and that the "difficult task" of dealing with these issues "should be placed in the hands of physicians specially trained for the care and treatment of the occupational disease involved." Given this legislative finding, we are not free to depart from the interpretation placed upon the similar language in

*Schmidt,* despite the fact that the legislature later amended the Workers' Compensation Act to delete the requirement that a medical panel be convened in every case.[1]

In the present case, Mrs. Johnson's claim met the required statutory minimum to trigger the convening of a medical panel. Section 35–2–27(25) of the Act requires that to be compensable tenosynovitis of the wrist must be caused, *inter alia,* by job-related continual "friction" or "repeated trauma." Mrs. Johnson claimed that job-related repeated trauma caused tenosynovitis of her wrist. She testified about the repetitive twisting wrist movements required by her job and produced a letter from her doctor, Dr. Hyde, opining that the requirements of her job played a causative role in her wrist problems. Once she made this showing, a medical panel had to be called to report on whether the continual twisting motions required by Mrs. Johnson's job constituted "friction" or "repeated trauma" and whether this trauma eventually resulted in her tenosynovitis.

The administrative law judge invaded the province of the medical panel when, without input from a panel, he found that Mrs. Johnson's job did not involve the statutorily required pressure, friction, trauma, or vibration.[2]

We reverse the administrative law judge's holding and remand for further proceedings before a properly called medical panel.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.

1. In 1982, the legislature amended section 35–1–77 to make convening of a medical panel discretionary under the Workers' Compensation Act. 1982 Utah Laws ch. 41 § 1. This amendment effectively reversed *Schmidt* on this issue. However, it is worth noting that no such change was made in the similar language used in section 35–2–52(2) of the Utah Occupational Disease Disability Law, perhaps because the legislature thought the latter act required more sophisticated determinations, best made only with expert assistance.

2. In his findings, the administrative law judge also stressed the fact that nothing unusual or accidental in nature had occurred on the day Mrs. Johnson first reported pain. That fact is irrelevant. It is only when the injury complained of does not fit under the Utah Occupational Disease Disability Law and is dealt with under the Workers' Compensation Act that the claimant must show an identifiable accident as a prerequisite to recovery. *See Pintar v. Industrial Commission,* 14 Utah 2d 276, 277, 382 P.2d 414 (1963).