**Michael F. MIERA, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Utah Construction & Development, Inc., State Insurance Fund, and Second Injury Fund, Defendants.**

**No. 19411.**

Supreme Court of Utah.

Nov. 25, 1986.

Robert J. Shaughnessy, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Mary A. Rudolph, Gilbert Martinez (2nd Injury), Salt Lake City, for defendants.

HOWE, Justice:

Plaintiff Michael F. Miera seeks review of an Industrial Commission order affirming an administrative law judge's denial to Miera of compensation for an industrial injury.

Miera had been employed for two and one-half years as a carpenter with Utah Construction & Development, Inc., when he sustained an industrial injury on June 25, 1981. On that day he was engaged in cleaning six-inch by ten-foot steel forms weighing approximately fifty pounds. He lifted the forms onto a saw horse, cleaned

them and then loaded them on a trailer. At the same time, he was required to tend a sump pump in an eight-foot-deep pit. A shelf at the four-foot level facilitated his descent into the hole so that he could move the hose whenever the pump ran dry. During a four-hour period Miera alternated between cleaning and stacking forms, and jumping four feet onto the shelf and then into the hole, a total of eight times at thirty-minute intervals. Approximately one or two hours later while raking concrete, he first felt back pain which did not become disabling until the next day when he had to ask fellow workers to carry his part of the load.

Miera underwent medical treatment for three months, was told to discontinue heavy lifting, and did not return to work for his employer. The latter's insurer, State Insurance Fund, paid all medical expenses and temporary total compensation. The matter was referred to a medical panel which found a preexisting spondylolisthesis of the lumbosacral spine, possibly aggravated by the work activities as described by Miera. The panel concluded that "whether or not this constitutes an industrial injury would have to be determined by the court."

In her findings of fact, the administrative law judge stated that there was no question in her mind that the work performed by Miera on June 25, 1981, was "clearly related to the onset of his pain. And in fact, findings of the medical panel bear this out." However, the administrative law judge felt bound by the decision in *Farmers Grain Co-op v. Mason,* 606 P.2d 237 (Utah 1980), and regretted that that decision seemed to preclude an award of benefits because the onset of the pain was gradual, not identified with a specific event, and was related to normal duties associated with the job while pouring concrete. The Industrial Commission, in a two-to-one decision, affirmed that holding.

Miera contends that the administrative law judge erred in denying him compensation based on her finding that no accident occurred because he noticed a gradual onset of pain which he could not relate to a specific event. The State Insurance Fund relies on that gradual development of pain and the lack of a specific event in its demand that this case be decided in consonance with similar cases in which this Court took the position that a compensable accident had not occurred. *Farmers Grain Co-op, supra; Redman Warehousing Corp. v. Industrial Commission,* 22 Utah 2d 398, 454 P.2d 283 (1969); *Pintar v. Industrial Commission,* 14 Utah 2d 276, 382 P.2d 414 (1963). The Fund also argues that plaintiff's injury would not be compensable under those cases which hold that the occurrence was completely unrelated to the work performance. *Billings Computer Corp. v. Tarango,* 674 P.2d 104 (Utah 1983); *Sabo's Electronic Service v. Sabo,* 642 P.2d 722 (Utah 1982); *Church of Jesus Christ of Latter-Day Saints v. Industrial Commission and Thurman,* 590 P.2d 328 (Utah 1979).

Factually, this case resembles *Nuzum v. Roosendahl Construction & Mining Corporation,* 565 P.2d 1144 (Utah 1977), where the plaintiff's decedent died from a heart attack after manually operating a stuck dumper by climbing in and out of a six-foot cab to release the load. This Court in that case held that the internal failure was a direct result of the just-described exertion. As in that case, the issue here is whether Miera was injured "by accident arising out of or in the course of his employment" as provided by U.C.A., 1953, § 35–1–45. The administrative law judge found that an industrial injury had occurred, but denied compensation because she questioned the accidental nature of the injury.

In *Allen v. Industrial Commission,* Utah, —— P.2d —— (1986), we redefined the unexpected result of a work-related activity as a compensable accident if both medical and legal causation could be shown. Applied to the instant case, the legal causation test is satisfied, even though Miera's history of spondylolisthesis places him in a personal risk situation. His jumps into an eight-foot hole from a four-foot platform at thirty-minute intervals constitute a considerably greater exertion

than that encountered in non-employment life and are therefore legally sufficient. The medical causation test is likewise satisfied by the medical panel's finding that "the work activities as described over a three-day period could produce a lumbar sprain aggravating the preexisting problem he had had." No more is needed to hold that Miera suffered a compensable industrial accident.

The case is remanded for a medical evaluation of Miera's industrial injury in proportion to his previous disability and a commensurate apportionment of benefit payments between the Second Injury Fund and the State Insurance Fund. Costs are awarded to Miera.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.