**McKAY DEE HOSPITAL, Plaintiff,**

v.

**INDUSTRIAL COMMISSION OF UTAH and Ted Clark Spackman, Defendants.**

No. 16182.

Supreme Court of Utah.

July 16, 1979.

---

3. Cf. *State ex rel. B___ C___ C___ v. Conley,* Mo. App., 568 S.W.2d 605.

Kirton, McConkie, Boyer & Boyle, Joseph C. Rust, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

MAUGHAN, Justice:

Plaintiff appeals from an order of the Industrial Commission awarding defendant-claimant Ted Clark Spackman, hereinafter Spackman, compensation for temporary total disability and concurrent medical expenses. We reverse. All statutory references are to Utah Code Ann.1953, as amended.

The basic facts in this case are not in dispute. Spackman was employed on a part-time basis in the dietary division of plaintiff, McKay Dee Hospital. On April 5, 1978, during a break in his normal duties, Spackman initiated a conversation with his superior concerning future leave time. As a result of the conversation, Spackman be-

came angry. Upon leaving his superior's office, Spackman vented his rage on a number of garbage cans and cardboard boxes adjacent to the office. The fury culminated in the defendant slamming his fists against two metal swinging doors. Spackman was aware, at the time he hit the two doors, the right half of the door combination was locked and stationary. The impact of the blow resulted in in a displaced fracture of Spackman's right fifth metacarpal bone.

The issue presented by these facts is whether or not the injury is compensable under § 35–1–45, which provides:

> Every employee mentioned in § 35–1–43 who is injured, and the dependents of every such employee who is killed, by accident arising out of or in the course of his employment, wheresoever such injury occurred, provided the same was not purposely self-inflicted, shall be entitled to receive, and shall be paid, such compensation for loss sustained on account of such injury or death, and such amount for medical, nurse and hospital services and medicines, and, in the case of death, such amount of funeral expenses as is herein provided.

In determining compensability under the statute, our review of the factual conclusions of the administrative law judge, as accepted by the Commission, is limited.[1] However, when there is purely a question of law presented, which is necessarily involved in the decision or the award, it is our duty to determine that question.[2]

The substantive language of § 35–1–45 grants compensation to an employee who is injured *by accident* arising out of or in the course of his employment, provided the injury was not purposely inflicted. Interpreting this section and applying it to the facts, the administrative law judge found, "the

---

1. Section 35–1–85 states: "The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; . . . . "

2. *Spring Canyon Coal Co. v. Industrial Commission*, 58 Utah 608, 201 P. 173, 176 (1921);

this standard finds legislative recognition in § 35–1–83 which states: " . . . any party . . . affected thereby [by an order] may file an action in the Supreme Court of Utah for the purpose of having the lawfulness of the award inquired into and determined."

injury was not the result of a self-inflicted injury as that term is used in the Workman's Compensation Act, and is, therefore compensable, the same having arisen out of the employment."

■ Because the statute requires the injury be caused "by accident," the administrative law judge's conclusion that the injury was not purposely inflicted, creates the inference the injury was caused by accident. Whether an inference may legitimately be deduced from a particular fact or from a state of facts, or from circumstances, is purely a question of law which must be determined as such by this reviewing court.[3]

If an accident did not occur, the injury, whether purposely inflicted or not, cannot be compensated. The term "accident" is not defined by the statute, but this court has held it connotes an unanticipated, unintended, occurrence different from what would normally be expected to occur in the usual course of events.[4] This basic definition was explained in *Tavey v. Industrial Commission*.[5] In evaluating an injury resulting from the fainting spell of an employee, the court explained:

> "Accident" is usually taken to mean an unforeseen happening or unexpected mishap. It has been defined by the court as "an event not within one's foresight and expectation resulting in a mishap causing injury."

"An event happening without any human agency, or if happening wholly or partly through human agency, an event which under the circumstances is unusual and unexpected by the person to whom it happened." (Citation excluded.)[6]

■ It follows from the definition of "accident" that while the activity undertaken by the employee may be intentional, in order for the incident to fall within the confines of the term "accident," the result of the intentional activity must be unexpected or unforeseen. When a person slams his fist against a locked, stationary metal door, it is foreseeable and expected injury will result to his hand.[7] Therefore, under the circumstances of this case, the harm which resulted from the intentional activity of Spackman was not unusual, unexpected, or unforeseen, and the event cannot be classified an accident. Because the event which caused the injury was not an accident, the injury does not fulfill the requirements of § 35–1–45, and compensation was unlawfully granted.

WILKINS and HALL, JJ., concur.

STEWART, J., dissents.

CROCKETT, Chief Justice (concurring with additional comment):

I agree with the main opinion and with its analysis and conclusion that Mr. Spackman's injury was not accidental. I think it appropriate to make this additional com-

---

3. *Spring Canyon Coal Co.*, supra note 2, at 176 (This standard was cogently expressed in *McPhie v. Industrial Commission*, Utah, 567 P.2d 153, 155 (1977), where the court stated: "The time honored rule of law is that the construction of statutes by governmental agencies charged with their administration should be given considerable weight,—however, if it is made clearly to appear that a statute has been misconstrued or misapplied, it is the duty of the court to correct the same." [Quoting from *Ostler v. Industrial Commission*, 84 Utah 428, 36 P.2d 95 (1934)].

4. See *Graybar Electric Co. v. Industrial Commission*, 73 Utah 568, 276 P. 161 (1929); *Carling v. Industrial Commission*, 16 Utah 2d 260, 399 P.2d 202, 203 (1965).

5. *Tavey v. Industrial Commission*, 106 Utah 489, 150 P.2d 379, 381 (1944).

6. Id. at 381.

7. In *Thomas D. Dee Memorial Hospital Assn. v. Industrial Commission*, 104 Utah 61, 138 P.2d 233, 237 (1943), this court quoted approvingly from an article by Francis Bohlen entitled, "The Drafting of Workmen's Compensation Acts," 25 Harv.L.Rev. 328. Concerning the characteristics of "accident", the article explained: " 'The test as whether an injury is unexpected and so if received on a single occasion occurs "by accident" is that the sufferer did not intend or expect the injury would on that particular occasion result from what he was doing. * * The element of unexpectedness inherent in the word "accident" is sufficiently supplied either if the incident itself is unusual, the act or conditions encountered abnormal, or if, though the act is usual and the conditions normal, it causes a harm unforeseen by him who suffers it.' "

ment about the finding of the Commission that the injury was not self-inflicted. Notwithstanding the statutory interdiction against this Court's reviewing the findings of fact, it is a fundamental concept of justice that there can be no valid finding of fact unless there is a reasonable basis in the evidence to support it.[1] The undisputed evidence here would permit no other finding than that the injury was self-inflicted, and therefore, for that added reason it was not compensable, as expressly provided in the statute.

STEWART, J., dissents.

1. See *Spring Canyon Coal Co. v. Ind. Comm.*, main opinion, footnote 2; *Russell v. Ind. Comm.*, 86 Utah 306, 43 P.2d 1069 (1935).