RUSSELL MAUER, APPELLANT, *v.* EMPLOYERS INSURANCE COMPANY OF NEVADA, AND BRYANT UNIVERSAL ROOFERS, RESPONDENTS.

No. 32301

August 26, 1999

983 P.2d 411

---

*Robert G. Giunta,* Las Vegas, for Appellant.

*Lenard Ormsby,* General Counsel, and *Javier A. Arguello,* Associate General Counsel, Carson City, for Respondent Employers Insurance Company of Nevada.

Before MAUPIN, SHEARING and BECKER, JJ.

## OPINION

*Per Curiam:*

This appeal asks us to decide whether a self-inflicted workplace injury resulting from an employee's impulsive, angry act is compensable under Nevada's workers' compensation law. We conclude it is not.

The facts are not disputed. Appellant Russell Mauer, while working in November 1995 for respondent Bryant Universal Roofers, hit his head on the corner of a large rooftop air conditioning unit. When Mauer hit his head on the unit a second time, he angrily hit the unit with his fist. As a result of his encounters with the air conditioner, Mauer sustained a superficial skull abrasion and fractured his right hand. Respondent Employers Insurance Company of Nevada (EICON, formerly the State

Industrial Insurance System or SIIS) accepted Mauer's claim for the skull injury, but denied Mauer's claim for the hand injury under NRS 616C.230(1)(a),[1] which precludes compensation for an injury caused by the employee's "willful intention to injure himself." A hearing officer and an appeals officer upheld the claim denial, and the district court denied judicial review.

Since the facts are not disputed, and this appeal presents a question of statutory construction, independent appellate review is appropriate. Maxwell v. SIIS, 109 Nev. 327, 849 P.2d 267 (1993); Nyberg v. Nev. Indus. Comm'n, 100 Nev. 322, 683 P.2d 3 (1984).

In Nevada, workers' compensation benefits are available to covered employees injured by accident arising out of and in the course of employment. NRS 616A.020(1).[2] Thus, the threshold question in this case is whether Mauer sustained an injury by accident.

In a similar case, the Utah Supreme Court decided an injury like Mauer's is not accidental, and is therefore not compensable. The employee in McKay Dee Hospital v. Industrial Commission of Utah, 598 P.2d 375 (Utah 1979), after discussing leave time with his supervisor, angrily slammed his fists into two metal doors; he broke a bone in one hand. Based on a finding that the injury was not purposely self-inflicted, an administrative law judge ruled it was compensable.[3] Id. at 376-77. Reversing, the Utah Supreme Court observed that an "accident" means an unforeseen happening or unexpected mishap; thus, although an accident may result from intentional activity, the injury must be unexpected or unforeseen. Id. at 377. Because it is foreseeable and expected that an injury to the hand will result from slamming one's fist into a locked, stationary metal door, the court concluded there was no accident and workers' compensation was not warranted. Id.

In his treatise, The Law of Workmen's Compensation § 36.62 at 6-200 (1997),[4] professor Arthur Larson deems McKay "a bad

---

[1]Substituted in revision for NRS 616.565(1)(a).

[2]Substituted in revision for NRS 616.370.

[3]When McKay was decided, Utah Code Ann. § 35-1-45 provided in relevant part:

> Every employee mentioned in § 35-1-43 who is injured . . . by accident arising out of or in the course of his employment, wheresoever such injury occurred, provided the same was not purposely self-inflicted, shall be entitled to . . . compensation[.]

In 1997 this provision was revised and renumbered § 34A-2-401(1). The text of the statute has not substantially changed, although it now requires an accident arising out of *and* in the course of employment.

[4]In the 1999 edition, this section has been renumbered § 38.06. The text has not changed, but it now appears on page 38-21.

decision.'' According to Larson, the claimant clearly did not intend to break his hand. Larson continues:

> Of course, it was possible that these injuries would result in each case. It is quite another matter to say that it was *expected*, much less *intended*. To conclude that the claimant expected or intended to break his hand, and slammed the door with his fist anyway, is preposterous. There is no place in compensation law for this artificial and fictitious kind of ''intention.'' Carried to its logical conclusion, this concept would rule out compensation for practically every rash intentional act, on the theory that injury from such conduct was foreseeable.

*Id.*

Two subsequent cases have rejected Larson's analysis in favor of *McKay's*. The employee in Glodo v. Industrial Commission of Arizona, 955 P.2d 15 (Ariz. Ct. App. 1997), punched the metal door of a freezer after his supervisor asked him to stay late and clean a floor; he fractured a finger. An administrative law judge denied the employee's claim for compensation, and the court of appeals affirmed the denial.[5] Finding the rationale of *McKay* persuasive, and agreeing that an accidental injury must be one that is unexpected or unforeseen, the Arizona appellate court held the claimant's intentional act was not an ''accident'' eligible for compensation. *Id.* at 18.

The Arizona court acknowledged professor Larson's criticism of *McKay*, but noted it found no decision agreeing with him that such injuries are compensable. *Id.* at 19. Furthermore, the court disagreed with Larson's analysis, concluding it suffers from apparent confusion of that which is ''intended'' and that which is ''expected.'' According to the court:

> The dispositive question in deciding whether something is an accident is whether the result is ''unexpected'' or ''unforeseen,'' not whether the result was ''unintended.'' Our cases do provide compensation for unexpected injuries that were the result of intentional acts. While neither the claimant in *McKay* nor the one in the present case may have intentionally set out to break his hand, it would be preposterous to say it was unanticipated that in punching a metal door, he could break his hand. If we were to adopt Larson's reliance

---

[5]Ariz. Rev. Stat. § 23-1021(A), which was adopted from Utah's law, provides in relevant part:

> Every employee coming within the provisions of this chapter who is injured . . . by accident arising out of and in the course of his employment, wherever the injury occurred, unless the injury was purposely self-inflicted, shall be entitled to . . . compensation . . . .

> on intent alone, compensation could be denied only when a claimant freely admitted to having intentionally punched a metal door *in order to* break his hand to spite his employer.

*Id.* Finally, the court concluded Larson's pronouncement that "there is no place in compensation law" for drawing such distinctions is wrong, and that important social policy considerations support distinguishing the claimant's self-injurious conduct from compensable conduct. *Id.*

The employee in Klein v. New York Times Co., 721 A.2d 29 (N.J. Super. Ct. App. Div. 1998), enraged by his supervisor's criticism of his job performance, smashed his fist into an electrical box; he broke two bones in his hand. The administrative law judge ruled the injury compensable because the employee acted impulsively and did not intend to harm himself.[6] *Id.* at 30. The New Jersey appellate court reversed, concluding the injury (1) was not the result of an accident, because an accident is an unlooked for or unexpected occurrence, and (2) did not arise "out of" the employment, but rather out of the employee's personal proclivities and his unreasonable reaction to a supervisor's routine personnel action. *Id.* at 31-33.

The New Jersey court noted its conclusion, that an intentionally violent act that produces a reasonably expected self-injury is not an "accident" under workers' compensation law, accords with the weight of authority in other jurisdictions in cases involving the same circumstances. *Id.* at 32. Moreover, the court declared it was not deterred from reaching its conclusion by the contrary view expressed by Professor Larson, noted the *Glodo* court expressly rejected Larson's view, and quoted with approval the *Glodo* court's reasoning. *Id.*

 ██

Mauer, who does not address the *Glodo* and *Klein* decisions, asks this court to reject *McKay's* reasoning and adopt Larson's analysis. This we decline to do. We conclude that *McKay, Glodo* and *Klein* are the better-reasoned authorities. Their conclusion that a self-inflicted injury under the circumstances of these cases is not the result of an "accident" fits well with this state's statutory definition of that term. NRS 616A.030[7] defines "accident"

---

[6]N.J. Stat. Ann. § 34:15-1 provides, in relevant part:

> When personal injury is caused to an employee by accident arising out of and in the course of his employment . . . he shall receive compensation . . .

N.J. Stat. Ann. § 34:15-7 provides, among other things, for payment of compensation to covered injured employees according to statutory schedules "in all cases except when the injury or death is intentionally self-inflicted."

[7]Substituted in revision for NRS 616.020.

as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." What is missing in this case, as it was in the three cases summarized above, is the element of unexpectedness or unforeseeability. The result of Mauer's angry act cannot be characterized as either unexpected or unforeseeable. Thus, we hold that an intentional violent act that produces a foreseeable and reasonably expected self-injury is not an "accident" and the resulting injury is not covered under Nevada's workers' compensation law.[8]

This construction of the term "accident" guides interpretation of the statutory provision precluding compensation for an injury caused by the employee's "willful intention to injure himself." As the *Glodo* decision points out, a literal application of this provision (or the analogous "purposeful self-infliction of injury" provision) is illogical; it would preclude compensation in a case like this only when a claimant freely admits having intentionally punched a solid immovable object in order to break his hand. Compensating individuals who engage in self-injurious conduct seems both unwise and contrary to the spirit of workers' compensation laws. As we have previously recognized, the workers' compensation scheme does not make employers absolutely liable for injuries suffered by employees who are "on the job." Rio Suite Hotel & Casino v. Gorsky, 113 Nev. 600, 605, 939 P.2d 1043, 1046 (1997).

Accordingly, we affirm the district court's order dismissing appellant's petition for judicial review.[9]

---

[8]Here, although not specifically addressing whether there was an accident, the appeals officer expressly found and concluded that Mauer's hand injury was a foreseeable consequence of his intentional act (striking the air conditioning unit).

[9]Pursuant to NRAP 34(f), we have concluded that oral argument is not warranted in this appeal.