2000 OK CIV APP 15

**Tomika WASHINGTON, Petitioner,**

v.

**ANDERSON WHOLESALE, American Interstate Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 93,070.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 3, 1999.

Bret A. Unterschuetz, Arthur H. Adams, P.C., Tulsa, Oklahoma, For Petitioner.

John N. MacKenzie, Whitten, MacKenzie, Whitten & Barnhart, Tulsa, Oklahoma, For Respondent.

JOPLIN, J.:

¶1 Petitioner Tomika Washington (Claimant) seeks review of an order of the trial court denying her compensation for asserted accidental personal injury to hands arising out of and in the course of the employment with Respondent Anderson Wholesale (Employer). In this proceeding, Claimant asserts the trial court erred as a matter of both fact and law in denying the claim, all evidence clearly demonstrating a compensable job-related "accidental injury."

¶2 Claimant and a co-employee became embroiled in a workplace altercation in which Claimant averred she was the victim and the co-worker was the aggressor. Claimant's supervisor intervened, apparently terminated Claimant from the employment, and directed Claimant to immediately leave the premises. As Claimant left the premises, the glass exit door shattered, and broken glass from the door cut Claimant's hands.

¶3 Claimant commenced the instant action to recover benefits for the alleged job-related accidental injury to her hands. At hearing, Claimant testified that as she sought to leave the Employer's premises in accord with her supervisor's instructions, and using the normal entrance/exit door to the workplace, her hands slipped off of the door's "push bar," causing her hands to strike and shatter the door glass. Employer presented testimony of three co-employees arguably establishing that Claimant, in a fit of rage, struck the glass door with both hands, causing the door glass to shatter and injure Claimant.

¶4 Upon consideration of the testimony and evidence, the trial court denied the claim, finding that "[C]laimant has not sustained her burden of proof and persuasion that she sustained an accidental personal injury which arose out of and in the course of her employment."[1] Claimant now seeks review in this Court.

1. In its order, the trial court found and concluded:

– 2. –
THAT in order to compensable an accidental personal injury must both "arise out of" and "in the course of" employment. (Citation omitted.) These two elements are separate and distinct and claimant has the burden of proof and persuasion as to both. (Citation omitted.)

– 3. –
THAT an employee is generally held to be within the course of her employment for a reasonable period of time after being fired while she finishes her affairs and leaves the premises. (Citation omitted.)

– 4. –
THAT at the time of the injuries involved herein, claimant was "in the course of" her employment.

– 5. –
THAT "In the term 'accidental injuries,' the substantive 'injuries' expresses the notion of a thing or event, that is, the wrong or damage done to the person, while 'accidental' qualifies and describes the noun by ascribing to 'injuries' a quality or condition of happening, or coming by chance or without design, taking place unexpectedly or unintentionally." (Citation omitted.)

– 6. –
THAT there was conflicting evidence as to how the injury to claimant's hands was brought about. Claimant testified that as she pushed her hands on the steel bar to open the door, her hands slipped and went through the glass door. Respondent's three witnesses testified that claim-

¶5 We find no Oklahoma authority directly on-point with the facts of the case before us. Where the issue has been addressed, however, other jurisdictions uniformly hold that where, in a fit of anger and rage, a claimant strikes a door or other solid object with his/her hand or fist and suffers injury, the claimant has not sustained a job-related "accidental" injury. *Mauer v. Employers Insurance Co. of Nevada,* 983 P.2d 411, 413 (1999). *Accord, Klein v. The New York Times Co.,* 317 N.J.Super. 41, 721 A.2d 29 (1998); *Glodo v. Industrial Comm'n of Arizona,* 191 Ariz. 259, 955 P.2d 15 (1997). These courts reason "that an intentional violent act that produces a foreseeable and reasonably expected self-injury is not an 'accident'" under established workers' compensation law. *Mauer,* 983 P.2d at 413–414; Klein, 721 A.2d at 30–32; *Glodo,* 955 P.2d at 18–19. *See also, Wing v. Cornwall Industries,* 418 A.2d 177 (Me.1980) (where, in fit of anger, claimant slams hand into the wall fracturing two fingers, held, evidence sustained determination that the injury did not arise in the course of employment.)

¶6 This analysis is clearly consistent with Oklahoma workers' compensation law, 85 O.S. § 11(A)(1), excepting from coverage "[a]n injury occasioned by the willful intention of the injured employee to bring about injury to himself or another." This analysis is also clearly consistent with the precedential definition of "accidental injury" employed by the Workers' Compensation Court. *See, City of Nichols Hills v. Hill,* 1975 OK 39, ¶¶ 22–23, 534 P.2d 931, 934–935. We adopt that analysis as expressive of Oklahoma law, and hold that an intentionally violent act that produces a self-injury which the claimant expected or should have expected does not result in a compensable "accidental injury" under the Oklahoma Workers' Compensation Act.

¶7 In the present case, Employer presented evidence arguably establishing Claimant intentionally struck the glass door with her hands or fists, breaking the glass in a fit of rage. We thus find competent evidence in the record supporting a conclusion that Claimant suffered no compensable accidental injury contemplated by the Oklahoma Workers' Compensation Act. *See, e.g., Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 12, 684 P.2d 548, 550.

¶8 The order of the trial court is therefore SUSTAINED.

¶9 BUETTNER, P.J., concurs; GARRETT, J., concurs in result.

---

ant was very angry and that she raised her hands above her head and hit the glass door with great force as she was exiting.

–7.–

THAT this Court is inclined to view the causative risk of claimant's injury to be purely personal. Claimant's injuries were not brought about by simply passing through the glass door on her way out of respondent's premises but were the result of her own personal rage and anger. Any increased risk to which the claimant was exposed was the result of her personal actions and not the result of the employment. Further, claimant's injuries do not constitute "accidental" injuries which are compensable under the Act.