# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO. 29,015

**HENRY VAN ES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Edmund H. Kase III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Henry Van Es
McIntosh, NM

Pro Se Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals pro se from the district court's judgment and suspended sentence pursuant to a de novo trial, affirming the magistrate court's findings that Defendant is guilty of two counts of failing to exhibit a registration plate and failing

to have proof of insurance. [RP 206 (All citations are to the record proper are from LR 2008-0001)] We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a timely memorandum in opposition. He has also filed a document entitled "Judicial Notice," which we construe as a motion to amend the docketing statement. Remaining unpersuaded by Defendant's memorandum and the motion, we affirm and deny the motion to amend.

**Statute of Limitations**

In his docketing statement, Defendant claimed that the district court erred in denying his motion to dismiss on statute of limitations grounds because the district court failed to bring him to trial within six months. [DS 9] Defendant filed a notice of appeal from his magistrate court convictions on January 22, 2008, but his trial in district court did not take place until September 4, 2008. [RP 206]

Once the district court dismisses an appeal that has been pending in that court for more than six months after the filing of the notice of appeal, the court remands the matter to the magistrate court for enforcement of its judgment. *See* Rule 6-703(L) NMRA. Although the State sought to dismiss Defendant's appeal in this case, [RP 151] the district court denied the State's motion. [RP 166] In our notice of proposed disposition, we proposed to affirm because the district court's decision to deny the State's motion to dismiss for failure to bring the case to trial within six months served

2

to benefit Defendant. If the district court had granted the State's motion, Defendant's magistrate court convictions would have been enforced without the benefit of a de novo trial in district court. *See id.* Therefore, Defendant was not prejudiced by the district court's failure to dismiss the appeal. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error."); *cf. In re Estate of Heeter*, 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) (stating that "[o]n appeal, error will not be corrected if it will not change the result").

In his memorandum in opposition, Defendant has failed to make any showing that the analysis contained in our notice of proposed summary disposition is incorrect. [MIO unnumbered 1-2] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement but not contested in a memorandum in opposition are abandoned); *cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm on this issue.

**Jurisdiction**

In his docketing statement, Defendant argued that the magistrate court and the district court lacked jurisdiction over him. [DS 10; RP 120] We proposed to disagree in part because Defendant failed to articulate an argument as to why the courts would lack jurisdiction over him. *See* Rule 12-208(D)(5) NMRA (requiring that the docketing statement contain, "for each issue, a list of authorities believed to support the contentions of the appellant and any contrary authorities known by appellant and, where known, the applicable standard of review [and] a short, simple statement of the proposition for which the case or text is cited shall accompany the citation"). We observed that Defendant was convicted of two counts of failure to display his registration/license plate pursuant to NMSA 1978, § 66-3-18(A) (2007), and two counts of failure to have insurance pursuant to NMSA 1978, § 66-5-205 (1998). [RP 119-120, 206-207] We then noted that the magistrate court had jurisdiction over Defendant because Defendant was operating a vehicle on a New Mexico road and was charged with the commission of misdemeanor traffic violations. *See* NMSA 1978, § 35-3-4 (1985) (addressing jurisdiction of magistrate court over misdemeanor criminal matters); NMSA 1978, § 66-8-7 (1989) (declaring that any person who violates any provision of the Motor Vehicle Code commits a misdemeanor). Moreover, the district court also had jurisdiction in this case. *See* N.M. Const. Art. VI, § 13 (authorizing the district court to exercise appellate jurisdiction of all cases originating in inferior

4

courts); Rule 6-703(J) (providing that trials upon appeal from the magistrate court to the district court shall be de novo).

We also proposed to affirm because Defendant's vehicle was subject to the Motor Vehicle Code. *See* NMSA 1978, § 66-3-1(A) (2007) (stating that unless specifically exempted, "every motor vehicle, trailer, semitrailer and pole trailer when driven or moved upon a highway is subject to the registration and certificate of title provisions of the Motor Vehicle Code"). Furthermore, the Mandatory Financial Responsibility Act, NMSA 1978, §§ 66-5-201 through -239 (1978, as amended through 2003) (the Act), required Defendant, as an owner and operator of a motor vehicle in the State of New Mexico, to have insurance or to furnish other evidence of financial responsibility in the form of a bond or cash deposit. *See* § 66-5-205(A),(B), and (C). Finally, we proposed to hold that, as Defendant was driving a motor vehicle in New Mexico, he was required to have insurance and to display a registration plate even if he was not driving a commercial vehicle. *Cf. Slack v. Robinson*, 2003-NMCA-083, ¶ 18, 134 N.M. 6, 71 P.3d 514 (applying Section 66-5-205(A),(B), and (E) and recognizing that "[i]t is a crime for an owner to permit the operation of an uninsured vehicle. . . . [and] [i]t is a crime to drive an uninsured vehicle" and holding that owners and operators must provide evidence of financial responsibility).

In his memorandum in opposition, Defendant makes no effort to explain why

our proposed disposition on this issue is in error. [MIO 2-4] Instead, he only argues that proof of jurisdiction is required by law, that the requisite proof was never presented to the court, and that due to his failure to know the "kind" of jurisdiction, he could not properly defend himself. [MIO 2-4] We are unpersuaded.

As stated in our notice of proposed disposition, the magistrate and district courts had jurisdiction based upon New Mexico statute and the New Mexico Constitution. Defendant has failed to show that he was prejudiced by the failure of either court to make an explicit written finding as to that court's jurisdiction. *See Fernandez*, 117 N.M. at 677, 875 P.2d at 1108; *cf. In re Estate of Heeter*, 113 N.M. at 695, 831 P.2d at 994. Therefore, we affirm on this issue.

Finally, in his docketing statement, Defendant raised other issues regarding a "motion to claim constitutional rights." [DS 9, 11-12] In our notice, we proposed to affirm. Defendant has failed to address our proposed disposition in his memorandum in opposition. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Taylor,* 1996-NMCA-111, ¶ 5. Therefore, we affirm for the reasons set forth in our notice.

**Judicial Notice/Motion to Amend**

In his Judicial Notice, Defendant claims that the Seventh Judicial District, the district attorney's office, and the New Mexico state police are all private companies which are apparently traded pursuant to a Dunn and Bradstreet report. [Not.

unnumbered 1-2]  He then claims that this information indicates possible ethics violations or possible criminal activity by these governmental agencies.  [Not. 2]  He argues that the possible ethical or criminal violations may have adversely impacted his case.  [Not. 2-3]  We construe and analyze these allegations as a motion to amend the docketing statement and deny the motion.

Under Rule 12-208(F), this Court "may, upon good cause shown, allow the amendment of the docketing statement."  In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules.  *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983).  This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error.  *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

We deny the motion to amend because it does not comply with the requirements of *Rael*.  First, there is no indication that Defendant properly preserved the issue raised

in the Judicial Notice by first bringing it to the attention of the district court. *See Rael*, 100 N.M. at 197, 668 P.2d at 313. Moreover, Defendant has failed to show that he has raised a viable issue because he has failed to show how he was prejudiced by the fact that these governmental entities are allegedly publicly traded and, "[i]n the absence of prejudice, there is no reversible error." *Fernandez*, 117 N.M. at 677, 875 P.2d at 1108; *see In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (holding that "[a]n assertion of prejudice is not a showing of prejudice"). Therefore, we deny Defendant's motion to amend his docketing statement by way of the Judicial Notice. *See Rael*, 100 N.M. at 197, 668 P.2d at 313.

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we deny Defendant's motion to amend the docketing statement and affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**



_____

**RODERICK T. KENNEDY, Judge**